**Terry R. PARKER, Plaintiff— Appellant,**

v.

**SITEL CORPORATION, a Minnesota corporation, Defendant— Appellee.**

No. 04–35927.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Terry R. Parker, Portland, OR, Plaintiff–Appellant.

Craig A. Crispin, Esq., Patty T. Rissberger, Esq., Crispin & Associates, Portland, OR, Donna Colley, Berens & Tate, PC, Omaha, NE, for Defendant–Appellee.

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Terry R. Parker appeals pro se the district court's summary judgment in favor of his former employer SITEL Corporation in his action alleging retaliation and discrimination on the basis of age and gender. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Lyons v. England,* 307 F.3d 1092, 1103 (9th Cir.2002). We affirm.

 The district court properly concluded that Parker failed to establish a prima facie retaliation claim because he failed to raise any genuine issue of materi-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

al fact about whether his filing of a grievance motivated SITEL to terminate him. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1064–65 (9th Cir.2002). Furthermore, Parker does not dispute that he underperformed on some calls and made judgment errors by complaining to a customer, facts that provide SITEL legitimate reasons for terminating his employment. *See Stegall v. Citadel Broadcasting Company,* 350 F.3d 1061, 1066 (9th Cir. 2003) (holding that a retaliation claim could survive summary judgment when the plaintiff presented evidence that the legitimate reasons were pretextual); *Manatt v. Bank of Am., N.A.,* 339 F.3d 792, 801 (9th Cir.2003) (affirming summary judgment for employer where plaintiff "failed to introduce any direct or specific and substantial circumstantial evidence of pretext"). Because the retaliation claim fails on the merits, it is not necessary to determine whether it was properly pled in the complaint.

■ Moreover, the district court properly concluded that Parker failed to raise a genuine issue of material fact about whether SITEL discriminated against him on the basis of age or gender. The plaintiff in a discrimination case may survive summary judgment by providing direct or circumstantial evidence of an employer's discriminatory intent. *See Costa v. Desert Palace, Inc.,* 299 F.3d 838, 855 (9th Cir. 2002), *aff'd, Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). Parker provided circumstantial evidence to show discriminatory intent, by showing a temporal proximity between filing his grievance letter and his termination. Nevertheless, this evidence was insufficient to establish discriminatory conduct given that the only person Parker

* This panel unanimously finds this case suitable for decision without oral argument. *See*

alleged engaged in such conduct was not involved in the adverse employment decision, and because SITEL had legitimate and well-documented reasons for terminating Parker's employment. *Cf. McGinest v. GTE Service Corp.,* 360 F.3d 1103, 1122–24 (9th Cir.2004) (holding that employee's federal action should survive summary judgment where employer provided no documentary evidence to support its assertion that plaintiff was denied promotion because of a hiring freeze).

AFFIRMED.